**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN HAEMKER, and MICHAEL BESSER, | ) ) ) | FILED: AUGUST 5, 2008 08CV4413 JUDGE PALLMEYER MAGISTRATE JUDGE KEYS |
| Plaintiffs, | ) ) | 08 C _____ |
| v. | ) ) | JUDGE _____TC_____ |
| CITY OF STREATOR, ILLINOIS, a municipal corporation, and Streator Police Officers DAVID SMITH, DARRELL KROHE, and OFFICER HOFFMEYER | ) ) ) ) ) | MAGISTRATE JUDGE _____ |
| Defendants. | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs, KEVIN HAEMKER, and MICHAEL BESSER ("Plaintiffs"), by their attorney, Christopher R. Smith, make the following complaint against Defendant CITY OF STREATOR, ILLINOIS, ("Defendant CITY"), and Streator Police Officers DAVID SMITH, DARRELL KROHE, and OFFICER HOFFMEYER ("Defendant OFFICERS"):

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. ''  1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. ' 1391(b) as the events giving rise to the claims asserted in this complaint occurred within this District.

## PARTIES

4. Plaintiff HAEMKER is a twenty-six-year-old resident of Streator, Illinois.

5. Plaintiff BESSER, is a thirty-year-old resident of Chicago, Illinois.

6. Defendant OFFICERS were at all relevant times, Streator City police officers employed by Defendant CITY, and acting within the scope of their employment and under color of law.

7. Defendant CITY is a municipal corporation and public entity incorporated under the laws of Illinois.

## FACTS

8. On or about September 1, 2007, near the location of 100 North Bloomington Street, in Streator, Illinois, Defendant OFFICERS pulled over a vehicle driven by Plaintiff HAEMKER and in which Plaintiff BESSER was riding as a passenger.

9. Defendant OFFICERS ordered Plaintiff HAEMKER out of the vehicle and Plaintiff HAEMKER immediately complied.

11. During this traffic stop, Defendant OFFICERS forcefully pulled Plaintiff BESSER out of the vehicle and arrested him without a warrant, or any other legal justification to do so.

12. Also during this traffic stop, Defendant SMITH, sprayed Plaintiff HAEMKER in the eyes and face with pepper spray without provocation or legal justification.

13. Defendant OFFICERS then forcefully handcuffed Plaintiff HAEMKER so that he was unable to wipe his face or eyes. Plaintiff HAEMKER suffered serious pain to his eyes and face as a result of the police-grade pepper spray.

14. Defendant SMITH then placed Plaintiff HAEMKER in his squad car while he and one of the other Defendant OFFICERS unlawfully searched Plaintiff's vehicle. There was nothing illegal in

...
...

Plaintiff's car.

15.   This traffic stop was recorded by a video and audio recording device mounted to one of Defendant OFFICERS' squad cars.

16.   Defendant OFFICERS caused Plaintiff BESSER to be falsely charged with Obstruction of Justice. This charge was subsequently dismissed.

17.   Defendant OFFICERS caused Plaintiff HAEMKER to be falsely charged with Driving Under the Influence. This charge was also subsequently dismissed.

18.   On information and belief, one or more of Defendant OFFICERS impliedly or expressly conspired and agreed to assist each other in covering up their misconduct with respect to Plaintiffs.

### Count I:  § 1983 Excessive Force

19.   Plaintiffs restate paragraphs 1-18 as if fully restated here.

20.   As more fully described in the preceding paragraphs, the intentional conduct of Defendant OFFICERS toward Plaintiffs was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

21.   On information and belief, one or more of Defendant OFFICERS were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

22.   As a direct and proximate result of Defendant OFFICERS' use of excessive force, Plaintiffs suffered physical and emotional damages which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiffs for the injuries they have suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count II:  §1983 False Arrest  (Plaintiff BESSER)

23.     Plaintiff BESSER restates paragraphs 1-18 as if fully restated here.

24.     As more fully described in the preceding paragraphs, Defendant OFFICERS seized and searched Plaintiff BESSER without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth Amendment to the United States' Constitution.

25.     On information and belief, one or more of Defendant OFFICERS were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

26.     As a direct and proximate result of Defendant OFFICERS' misconduct, Plaintiff BESSER has suffered damages, which will be proven at trial.

WHEREFORE, Plaintiff BESSER prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff BESSER for the injuries they have suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count III: § 1983 Conspiracy

27.     Plaintiffs restate paragraphs 1-26 as if fully restated here.

28.     Defendant OFFICERS impliedly or expressly conspired and agreed to violate Plaintiffs' constitutional rights, and acted in furtherance of this conspiracy as more fully described above.

29.     As a direct and proximate result of Defendant OFFICERS' conspiracy, Plaintiffs suffered physical and emotional damages which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiffs for the injuries they have suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

## Count IV:  Battery

30. Plaintiffs restate paragraphs 1-18 as if fully restated here.

31. As more fully described above, Defendant OFFICERS willfully and wantonly and without legal justification, used physical force upon both Plaintiffs without their consent.

32. As a direct and proximate result of this intentional misconduct, Plaintiffs suffered physical and emotional harm.

33. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

34. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Streator City Police Officers.  Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiffs for the injuries they have suffered, as well as such other relief as is just and equitable.

## Count V – False Imprisonment (Plaintiff BESSER)

35. Plaintiff BESSER restates paragraphs 1-18 as if fully restated here.

36. As more fully described above, Defendant OFFICERS willfully and wantonly imprisoned Plaintiff BESSER, without probable cause or any other legal justification to do so.

37. As a direct and proximate cause of this misconduct, Plaintiff BESSER suffered damages, which will be proven at trial.

38. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any

compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

39. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Calumet City Police Officers. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiff BESSER for the injuries he has suffered, as well as such other relief as is just and equitable.

### Count V -- Malicious Prosecution (Plaintiff BESSER)

40. Plaintiff BESSER restates paragraphs 1-18 as if fully restated here.

41. As more fully described above, Defendant OFFICERS willfully and wantonly initiated criminal proceedings against Plaintiff BESSER, and/or caused the criminal proceedings to continue against him, without probable cause to believe he had committed a crime.

42. With malice, willfulness, and/or reckless indifference to Plaintiff BESSER's rights, Defendant OFFICERS created false and/or inaccurate police reports, gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

43. The criminal proceedings against Plaintiff BESSER were terminated in his favor, in a manner indicative of innocence.

44. As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff BESSER suffered financial and emotional damages for having to defend himself against the false charges placed against him.

45.    Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

47.    At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Streator City Police Officers.  Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiff BESSER prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate him for the injuries he has suffered, as well as such other relief as is just and equitable.

**Plaintiffs demand a trial by jury.**

KEVIN HAEMKER, Plaintiff

By:   /s/ Christopher R. Smith
        Attorney for Plaintiffs

MICHAEL BESSER, Plaintiff

By:    /s/ Christopher R. Smith
         Attorney for Plaintiffs

A LAW OFFICE OF CHRISTOPHER R. SMITH
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400